UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2042-D

| | |
|---|---|
| **Gregory Allen Gant-Bey**, | |
| Petitioner, | |
| v. | **Order &** |
| | **Memorandum & Recommendation** |
| **State of North Carolina**, | |
| Respondent. | |

On March 7, 2016, Petitioner Gregory Allen Gant-Bey, a state inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (D.E. 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243. Also before the court are Gant's motion for leave to proceed in forma pauperis ("IFP") (D.E. 4) and motion for discovery (D.E. 5). For the following reasons, Gant's IFP motion is allowed, Gant's motion for discovery is denied, and the undersigned recommends[1] that the court dismiss this action without prejudice.

## I.        IFP motion

A review of Gant's IFP motion indicates that he does not have the ability to pay the requisite filing fee. Accordingly, the court grants Gant's motion (D.E. 4) and he is allowed to proceed without full prepayment of costs.

## II.       Motion for Discovery

Gant has filed a motion requesting the production of discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, if a party "provide[s] reasons

---

[1]    The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

for the request," Rules Governing § 2255 Cases, Rule 6(b), "[a] judge may, for good cause, authorize [the] party to conduct discovery," *id.*, Rule 6(a). Good cause exists when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy*, 520 U.S. at 908–09 (internal quotations omitted) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009). For the reasons discussed below, Gant fails to make specific allegations that demonstrate that he is entitled to habeas corpus relief. Moreover, respondent has not yet been served in this action, and therefore any request for discovery is premature. Accordingly, Gant's motion for discovery (D.E. 5) is DENIED.

### III. Initial review pursuant to 28 U.S.C. § 2243

Gant alleges that, on August 1, 2001, he was convicted of an unspecified crime in Superior Court of Lenoir County, North Carolina. Gant's allegations are rambling and disjointed, and Gant's petition could be dismissed solely because his allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Nonetheless, to the extent any argument can be discerned from Gant's rambling petition, the crux of his claim is that the State of North Carolina lacked jurisdiction to convict him because he is a Moorish American.[2] For example, he asserts that "I am in fact a Moorish American . . . The court never stopped to investigate the status in question. This was a violation of my right to challenge jurisdiction." Pet. at 7, D.E. 1. The court rejects Gant's nonsensical assertion that he is exempt from the laws of this state because of his status as a Moorish American. *See e.g.*, *Cunningham-El v. Whitener*, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1

---

[2] Gant has raised this argument on two previous occasions in this district, and on both occasions the claim was dismissed as frivolous. *See Gant-Bey v. State of North Carolina*, No. 5:11-CT-3232-D (E.D.N.C. May 31, 2010); *Gant-Bey v. State of North Carolina*, 5:12-HC-2178-FL (E.D.N.C. August 22, 2012).

(W.D.N.C. Jan. 18, 2012) (unpublished) (rejecting "Moorish independence" argument); *Headen-El v. Keller*, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished) (collecting cases); *Caldwell v. Wood*, No. 3:07CV41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases). Thus, the undersigned recommends that the court dismiss Gant's petition as frivolous.

## III.    Conclusion

For the aforementioned reasons, Gant's IFP motion (D.E. 4) is allowed and Gant's motion for discovery (D.E. 5) is denied. In addition, the undersigned recommends that the court dismiss this action without prejudice.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner.  Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the**

3

**Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: November 4, 2016

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge