IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2042-D

| | | |
|---|---|---|
| GREGORY ALLEN GANT-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 4, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 6]. In that M&R, Judge Numbers recommended that the court dismiss Gregory Allen Gant's ("Gant") 28 U.S.C. § 2241 petition. Gant filed objections to the M&R [D.E. 7].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does

not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

Gant's objections reiterate arguments stated in his petition and do not meaningfully rebut Judge Numbers' recommendations. Compare Pet. [D.E. 1] 6–8, with [D.E. 7] 2–7. Because Gant's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Gant's objections lack merit. First, Gant's allegations are rambling and disjointed, and Gant's petition could be dismissed solely because his allegations are "fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citations omitted). Moreover, to the extent any argument can be discerned from Gant's rambling petition, he apparently challenges the validity of an August 1, 2001 state conviction. Pet. at 2. Specifically, Gant appears to argue that the state of North Carolina lacked jurisdiction to convict him because he is a Moorish American. "The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous." Caldwell v. Wood, No. 3:07CV41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases); see Bey v. Pennsylvania, 345 F. App'x 731, 732 (3rd Cir. 2009) (per curiam) (unpublished). Thus, this claim fails.

In sum, after reviewing the M&R, the record, and Gant's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Gant's objections [D.E. 7] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 6]. Gant's petition is

DISMISSED, and the clerk of court shall close the case.

SO ORDERED. This 28 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge